JOHN S. LEONARDO
United States Attorney
District of Arizona
JONATHAN B. GRANOFF
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: jonathan.granoff@usdoj.gov
Attorneys for Plaintiff

FILED
RECEIVED          LODGED
                  COPY

OCT 2 2 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Catherine Tarin,<br><br>Defendant. | CR 11-794-TUC-RCC (CRP)<br><br>**PLEA AGREEMENT** |
|---|---|

Plaintiff, United States of America, and defendant, Catherine Tarin, hereby agree to the following disposition of this matter:

**PLEA**

Defendant will plead guilty to Count 1 of the Indictment charging, Conspiracy to Commit Wire Fraud, a felony offense.

**TERMS**

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory.

1. **AGREEMENT REGARDING SENTENCING**

The defendant's sentencing will be deferred for a period of 18 months from the date of

the defendant's plea agreement.  If the defendant complies with the terms of this plea agreement, she will be allowed to withdraw her plea of guilty at the time of her sentencing and the government will move to dismiss the charges against the defendant in this case.

## 2.   **MAXIMUM PENALTIES**

A.      Count 1: A violation of Title 18 United States Code, Section  1349 (Conspiracy to Commit Wire Fraud) is punishable by a maximum fine of $250,000, a maximum term of imprisonment of twenty (20) years, a term of supervised release of three (3) years, or all three combined.  If probation is available, the maximum period of probation is five (5) years.

B.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court:

(1)      shall order defendant, pursuant to Title 18, United States Code, Section 3663A, to make restitution to any victim of the offense (see Title 18, United States Code, Section 3663A) (Mandatory Restitution Provision);

(2)      may order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein; and

(3)      may order defendant, pursuant to Title 18, United States Code, Section 3583, to serve a term of supervised release when required by statute.

D.      Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a special assessment on defendant of $100.00 per count.  Defendant agrees that the special assessment shall be due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

## 3.   **AGREEMENT TO DISMISS OR NOT PROSECUTE**

a.      This office will not prosecute the defendant for any offenses committed by the defendant that are known to the government at the time of defendant's plea of guilty.

b. This agreement does not, in any manner, restrict the actions of the United States in any

- 2 -

1   other district nor bind any other United States Attorney's Office.

2

3   **4.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

4            a. The defendant waives any and all motions, defenses, probable cause determinations,
5   and objections which the defendant could assert to the indictment or information or to the
6   Court's entry of judgment against the defendant and imposition of sentence upon the defendant,
7   provided the sentence is consistent with this agreement.  The defendant further waives: (1) any
8   right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the
9   imposition of sentence or any order of restitution that the court imposes upon defendant under
10  Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally
11  attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or
12  any other collateral attack.  The defendant acknowledges that this waiver shall result in the
13  dismissal of any appeal or collateral attack the defendant might file challenging his conviction,
14  sentence, any order of restitution the court imposes or any other matter relating to this case.

15           b. The United States likewise will waive its right to appeal the sentence imposed by the
16  court and the manner in which the court determines the defendant's sentence, as long as the
17  sentence is consistent with the terms of this agreement.

18

19  **5.    REINSTITUTION OF PROSECUTION**

20           If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the
21  United States  will be free to prosecute the defendant for all charges of which it has knowledge,
22  and any charges that have been dismissed because of this plea agreement will be automatically
23  reinstated. In such event, defendant waives any objections, motions, or defenses based upon the
24  Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later
25  charges or proceedings.  The defendant understands that any statements made at the time of the
26  defendant's change of plea or sentencing may be used against the defendant in any subsequent
27  hearing, trial, or proceeding as permitted by Fed. R. Crim. P. 11(e)(6).

28

**6.     PLEA ADDENDUM**

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

**7.     DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE**

A.     The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department including, but not limited to:

(1)     All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(2)     All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(3)     All history of drug abuse which would warrant a treatment condition as part of sentencing.

(4)     All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

**ELEMENTS AND FACTUAL BASIS**

**A.     Conspiracy to Commit Wire Fraud (Count 1)**

I, Catherine Tarin, understand that the essential elements of Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Sections 1349 and 1343 are as follows:

(1)     Within the time frame set forth in the Indictment, in the District of Arizona, there was an agreement between two or more persons to commit one or more crimes of Wire Fraud as charged in the Indictment;

(2)     Defendant became a member of the conspiracy knowing of its object (Wire Fraud) and intending to help accomplish it.

- 4 -

**B.** **Wire Fraud**

I, Catherine Tarin, understand that the essential elements of Wire Fraud, in violation of Title 18, United States Code, Section 1343, are as follows:

(1)     Within the time frame set forth in the Indictment, in the District of Arizona, defendant knowingly carried out a scheme or plan to obtain money or property by making false statements or promises;

(2)     Defendant knew that the statements or promises were false;

(3)     The promises or statements were material, that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

(4)     Defendant acted with the intent to defraud; and

(5)     Defendant used, or caused to be used, wire, radio or television communications in interstate or foreign commerce to carry out an essential part of the scheme.

## FACTUAL BASIS

On or about August 28, 2007, I participated in a scheme to defraud relating to the purchase of 10460 N. Flintlock, a property in Arizona.  At least some of the events in this conspiracy occurred within the District of Arizona.  At the time, I was employed as a loan processor.   In this role, I assisted the loan officer, Michael Quiroz, in knowingly providing fraudulent and/or material false information in order to obtain mortgage financing for the above property. As part of the loan approval process I knowingly caused to be submitted a fraudulent gift letter. This letter indicated that the borrower had been gifted $12,000 towards the purchase of the property.  At the time, I knew that this statement was a false.  I further forged the signatures on this letter.  This fraudulent letter was submitted as one of the conditions to obtain financing.

After approving the loan based in part on the material false information, the lender issued a wire transfer for $161,908.37 in interstate commerce to the title company.    The property that was purchased as a result of this fraudulent loan subsequently went into foreclosure due to lack of payments on the mortgage.

1    The above facts are a summary of my involvement in this matter for the purposes of this

2    plea agreement only. This summary does not include each and every fact that I know about this

3    case.

4

5                              **DEFENDANT'S APPROVAL AND ACCEPTANCE**

6    I have read each of the provisions of the entire plea agreement with the assistance of

7    counsel and understand its provisions.

8    I have discussed the case and my constitutional and other rights with my attorney. I

9    understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to

10   trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present

11   evidence in my defense, to remain silent and refuse to be a witness against myself by asserting

12   my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed

13   innocent until proven guilty beyond a reasonable doubt.

14   I agree to enter my guilty plea as indicated above on the terms and conditions set forth in

15   this agreement.

16   I have been advised by my attorney of the nature of the charges to which I am entering

17   my guilty plea. I have further been advised by my attorney of the nature and range of the

18   possible sentence and that my ultimate sentence will be determined after consideration of the

19   advisory Sentencing Guidelines.

20   My guilty plea is not the result of force, threats, assurances or promises other than the

21   promises contained in this agreement. I agree to the provisions of this agreement as a voluntary

22   act on my part and I agree to be bound according to its provisions. I fully understand that, if I am

23   granted probation or placed on supervised release by the court, the terms and conditions of such

24   probation/supervised release are subject to modification at any time. I further understand that, if I

25   violate any of the conditions of my probation/supervised release, my probation/supervised

26   release may be revoked and upon such revocation, notwithstanding any other provision of this

27   agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be

28   altered.

- 6 -

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am very satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.


_10-6-14_
Date

_Catherine Tarin_
Catherine Tarin
Defendant


**DEFENSE ATTORNEY'S APPROVAL**

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guideline with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

- 7 -

1
2   **Date** 10|22|14

Roberto C. Montiel
Attorney for Defendant

3
4               **UNITED STATES' APPROVAL**

5          I have reviewed this matter and the plea agreement.   I agree on behalf of the United

6   States that the terms and conditions set forth are appropriate and are in the best interests of

7   justice.

8
9
10                          JOHN S. LEONARDO
11                          United States Attorney
                            District of Arizona
12
13
14   **Date** 10/22/14
15                          Jonathan B. Granoff
16                          Assistant U.S. Attorney
17
18
19
20
21
22
23
24
25
26
27
28